UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Karen Schardan,<br><br>    Plaintiff,<br><br>v.<br><br>Allied Interstate, LLC<br><br>    Defendant. | Case No. 4:15-cv-1613-HEA<br><br>**PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY DEFENDANT** |

Plaintiff respectfully moves this Court to compel the production of all documents and electronically stored information by Defendant identified in its initial disclosure statement, as required by both Local Rule 26-3.01(A) and this Court's Case Management Order.

### MEMORANDUM OF LAW

1. Under Local Rule 26, "[d]isclosure of documents and electronically stored information pursuant to Rule 26(a)(1)(A)(ii) shall be made by providing a copy to all other parties, except as otherwise ordered by the Court." E.D. Mo. Local Rule 26-3.01(A).

2. The Court's Case Management Order, issued March 1, 2016, required all parties to "make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than April 1, 2016. [Doc. 16.]

3. On April 1, 2016, Defendant provided Plaintiff with its disclosures pursuant to Fed. R. Civ. P. 26(a)(1). ***Declaration of Peter F. Barry, Exhibit A.***

4. Defendant's disclosures listed the following as "documents that Defendant Allied may use in support of its defenses:"

   a. Collection documents, including correspondence and notes maintained by Defendant Allied regarding Plaintiff's account(s), to be produced;"

   ***Id.***

5. With respect to its insurance policies, Defendant also stated that it was "not tendering this matter to its insurance carrier." ***Id.***

6. Defendant did not produce copies of any documents or electronically stored information listed in its initial disclosures to Plaintiff or its insurance policies, as required by Local Rule 26-3.01(A) and the Case Management Order.

## Good Faith Meet and Confer Efforts

7. Plaintiff has made a good-faith attempt to resolve this dispute without Court intervention.  (*See* Fed. R. Civ. P. 37(a)(1); E.D. Mo. Local Rule 37-3.04(A)).

8. On April 27, 2016, counsel for Plaintiff had a telephone conversation with counsel for Defendant wherein an extensive discussion was had in attempt to resolve this dispute.  During that conversation, Plaintiff's counsel articulated

repeatedly the need for Defendant to supplement its disclosures with copies of both the collection records referenced in its disclosures and a copy of its insurance policy(ies). ***Declaration of Peter F. Barry, Exhibit B.***

9. After this conversation, Plaintiff's counsel sent an email follow up to Defendant's counsel on April 27, 2016, and again requested in writing that Defendant immediately supplement its Fed.R.Civ.P. 26(a)(1) disclosures with the actual documents. ***Id.***

10. Later, Plaintiff's counsel sent another email follow up to Defendant's counsel on May 3, 2016, and again requested in writing that Defendant immediately supplement its Fed.R.Civ.P. 26(a)(1) disclosures. ***Id.***

11. On May 3, 2016, counsel for Plaintiff had another telephone conversation with counsel for Defendant wherein an extensive discussion was had in attempt to resolve this dispute. During that conversation, Plaintiff's counsel articulated repeatedly the need for Defendant to supplement its disclosures with copies of both the collection records referenced in its disclosures and a copy of its insurance policy(ies). ***Id.***

12. On May 3, 2016, counsel for the parties initiated a conference call to the Court's clerk in an effort to determine whether or not the Court would entertain an informal letter or telephonic motion to resolve this dispute. ***Declaration of Peter F. Barry.***

13. On May 3, 2016, during a conversation with Defendant's counsel following the call to the Court, Defendant's counsel advised Plaintiff's counsel that Defendant would produce only some collection documents, but that Defendant would not produce its insurance policy(ies). *Id.*

14. On May 3, 2016 at 5:28 p.m., Defendant's counsel advised Plaintiff's counsel that Defendant would produce "collection logs" by May 6, 2016. ***Declaration of Peter F. Barry, Exhibit B.***

## Defendant Has Failed To Make Required Disclosures

15. Under Local Rule 26-3.01(A) and the Case Management Order, Defendant must produce actual copies of their initial disclosure documents in addition to identifying them.

16. Indeed, Rule 26(a)(1) contemplates that parties be able to obtain copies of documents described in initial disclosures by informal request. Fed. R. Civ. P. 26(a)(1)(B) advisory committee's note (1993).

17. Fed.R.Civ.P. 26 states in pertinent part as follows:

> Rule 26. Duty to Disclose; General Provisions Governing Discovery
> (a) REQUIRED DISCLOSURES.
>   (1) *Initial Disclosure.*
>     (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>       (i) the name and, if known, the address and telephone number of each individual likely to have discoverable

    information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    (iv) for inspection and copying as under Rule 34, **any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

(Bold emphasis added.)

## Defendant Must Produce Its Insurance Policies

18. Clearly, the Rule 26 contemplates that an insurance policy *may* satisfy an unpaid judgment. This is precisely what an insurance policy bond agreement and liability policy does—namely, it satisfies unpaid judgments, amongst other unpaid liabilities of the policyholder.

19. Plaintiff has a legitimate right to know whether or not there is an insurance policy or policies that might cover any judgment ultimately achieved in this matter against this Defendant. Defendant has no justification for withholding

this information from Plaintiff or for ignoring its disclosure obligations under the Rules.

20. This very Court recently ordered defendants to produce insurance policies, when the defendants refused to provide copies of applicable insurance policies to a plaintiff as part of their Rule 26 disclosures:

> As for the materials described above in (5), Fed. R. Civ. Pro. 26(a)(1)(A)(iv) requires a party to provide certain insurance agreements for "inspection and copying as under Rule 34[.]" Fed. R. Civ. Pro. 34 concerns production of documents. Rule 26(a)(1)(A)(iv) imposes upon a party an obligation to either produce insurance agreements or to make them available for inspection and copying. *Capozzi v. Atwood Oceanics*, No. 08-776, 2009 WL 3055321, *3 (W.D. La. Sept. 20, 2009) (stating that Rule 26(a)(1)(A)(iv) is a "clear mandate" and ordering immediate production, in whole, of all applicable insurances policies); *Wolk v. Green*, No. C06- 5025 BZ, 2008 WL 298757, *2 (N.D. Cal. Feb. 1, 2008) (ordering production, in whole, of insurance policy). In this case, it appears Defendants have made no attempt to do either. As a result, Defendants will be ordered to produce the Travelers Insurance Company insurance policy described above in (5).

*Jo Ann Howard And Associates, P.C. v. J. Douglas Cassity,* No. 4:09-cv-01252-ERW, p. 3 (E.D. Mo. Feb. 13, 2012).

21. Just because Defendant has alleged that it not "tendering this matter" to its insurance carrier, does not mean that Plaintiff does not have a right to this information required to be disclosed under Fed.R.Civ.P. 26(a)(1)(iv).

22. Plaintiff needs this information to determine whether or not there might be insurance coverage for an unpaid judgment obtained against Defendant,

- 6 -

amongst other reasons.

### Defendant Must Produce All Of Its Collection Documents

23. Moreover, simply because Defendant counsel has represented that it will produce "collection logs" at a future date, well after the April 1, 2016 deadline contained in this Court's Case Management Order, does not mean that Defendant should not be ordered to produce **all documents** that it may use in support of its defenses, and not merely its collection logs.

24. Undoubtedly, Defendant will rely on other collection documents in its defense to the claims that it used an autodialer to robotically call Plaintiff's cell phone after she told Defendant to stop.

25. Defendant also likely has recordings of collection calls it had with Plaintiff that it has not produced, in addition to collection letters that it was legally required to send to Plaintiff. *See* 15 U.S.C. § 1692g.

26. Accordingly, Plaintiff seeks to compel production of all documents and electronically stored information listed in Defendant's initial disclosure statement, as well as all insurance policies that may be responsive to this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court issue an order under Fed. R. Civ. Pro. 37(a)(1) requiring Defendant to immediately produce to Plaintiff copies of all of the documents and electronically stored information listed

in their Rule 26(a)(1) initial disclosure statement, as well as any insurance policy, pursuant to the Case Management Order and Local Rule 26.301(A).  Plaintiff also asks the Court for reasonable expenses incurred in making this motion, including reasonable attorney's fees.  *See* Fed. R. Civ. P. 37(a)(5)(A); *Dykes v. Mitchell,* No. 4:07-CV-733 CAS, 2008 WL 544983, at *1-2 (E.D. Mo. Feb. 26, 2008) (award of fees and expenses incurred in connection with motion to compel is appropriate where a party fails to timely produce initial disclosures without justification).

                                            Respectfully submitted,

                                            **BARRY & HELWIG, LLC**

Dated: May 4, 2016               By:  s/ Peter F. Barry
                                            Peter F. Barry, Esq.
                                            MN Attorney I.D. #0266577
                                            (*Admitted Pro Hac Vice*)
                                            2701 University Ave. SE, Suite 209
                                            Minneapolis, Minnesota 55414-3236
                                            Telephone:  (612) 379-8800
                                            Facsimile: (612) 379-8810
                                            pbarry@lawpoint.com

                                            **PONTELLO LAW, LLC**
                                            Dominic M. Pontello, Esq.#60947
                                            Pontello Law, LLC.
                                            5988 Mid Rivers Mall Dr, Suite 114
                                            St. Charles, Missouri 63304
                                            Telephone:  (636) 541-7673
                                            Facsimile: (636) 441-6881
                                            dominic@pontellolaw.com

                                            **Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Karen Schardan,<br><br>　　　Plaintiff,<br><br>v.<br><br>Allied Interstate, LLC<br><br>　　　Defendant. | Case No. 4:15-cv-1613-HEA<br><br>**CERTIFICATE OF SERVICE** |

I, Peter F. Barry, hereby certify that on May 4, 2016, the foregoing

1. **PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY DEFENDANT**

2. **DECLARATION OF PETER F. BARRY WITH EXHIBITS**

was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

　　Mr. Vitaly Libman, Esq.
　　Hinshaw & Culbertson
　　521 W. Main Street, Suite 300
　　P.O. Box 509, Belleville, IL 62222-0509
　　vlibman@hinshawlaw.com

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**BARRY & HELWIG, LLC**

Dated: May 4, 2016　　　　　　　　　　By:　s/ Peter F. Barry

        Peter F. Barry, Esq.
        MN Attorney I.D. #0266577
        (*Admitted Pro Hac Vice*)
        2701 University Ave. SE, Suite 209
        Minneapolis, Minnesota 55414-3236
        Telephone:  (612) 379-8800
        Facsimile: (612) 379-8810
        pbarry@lawpoint.com